ELLIOTT B. SMOAK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 100036. Promulgated March 13, 1941.

*Frank B. Murdoch, Esq.,* for the petitioner.
*Bernard D. Daniels, Esq.,* for the respondent.

OPINION.

SMITH: In his deficiency notice in this proceeding the respondent states:

(a) You have treated as capital gains to the extent limited by Section 117 (a) of the Revenue Act of 1936, the payments made to you in 1936 [and 1937] by the Ex-Cell-O Aircraft and Tool Corporation, successors to the American Paper Bottle Company, and included in net income 60 percent of the amount received. It is held that there was no sale or exchange of a capital asset within the meaning of Section 117 (a) of the Revenue Act of 1936, and that the full amount of the payments should be included in your gross income. * * *

At the hearing counsel for the respondent stated:

* * * It is the Government's position, however, that there was no sale of a contract. There was a termination or cancellation of a contract as the result of which Mr. Smoak received income in 1936 and 1937. It is our position that the income so received is ordinary income, and not capital gain.

The petitioner alleges that the respondent erred in his determination that the amounts received by him in 1936 and 1937 from the Ex-Cell-O Aircraft & Tool Corporation were not from the sale of a capital asset. We limit our discussion to the issue raised.

Section 117 (b) of the Revenue Act of 1936 defines "capital assets" as meaning:

* * * property held by the taxpayer (whether or not connected with his trade or business), but does not include stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business.

In support of his contention that the gains realized by the petitioner in 1936 and 1937 were not from the sale of capital assets, the respondent relies upon the following cases: *George K. Gann*, 41

B. T. A. 388; *Thurlow E. McFall*, 34 B. T. A. 108; *Doyle* v. *Commissioner* (C. C. A., 4th Cir.), 102 Fed. (2d) 86, affirming 37 B. T. A. 323; and *Escher* v. *Commissioner* (C. C. A., 3d Cir.), 78 Fed. (2d) 815.

By the agreement of April 23, 1936, the petitioner transferred to the Ex-Cell-O Aircraft & Tool Corporation all of the rights inuring to him from the original contract with the American Paper Bottle Co. He relinquished his exclusive right to develop the sales territory allotted to him, the right to all royalties from future sales within that territory, and his right to the future royalties to be paid by existing licensees. He transferred also his office files and records and the good will which he had built up over the course of two years. This was much more than the assignment of a mere contractual right to receive royalties in the future. The petitioner had a going agency business. He sold all of the assets of that business, with all of his rights under the agency contract to the Ex-Cell-O Aircraft & Tool Corporation.

In *Dudley T. Humphrey*, 32 B. T. A. 280, the Board held that a partner's sale of his interest in a partnership engaged in buying and selling securities constituted the sale of a capital asset. If the sale by a partner of his interest in a partnership is the sale of a capital asset, where the partner has been a member of a firm for more than two years, *a fortiori*, the sale of an agency business held for a period of more than two years is likewise a sale of a capital asset.

We think that the cases cited by the respondent in support of his contention that the petitioner did not sell a capital asset are not in point. The cases of *Thurlow E. McFall*, *supra*, and *George K. Gann*, *supra*, involved the cancellation of unexpired employment contracts by the terms of which the employee was bound to perform services before he was entitled to any compensation. The right held by the employee was only a conditional right to receive something in the future. The relinquishment of that right to compensation for future services was held not to be a sale of property within the contemplation of the capital gains provisions of the revenue acts. The cases of *Doyle* v. *Commissioner*, *supra*, and *Escher* v. *Commissioner*, *supra*, are not factually similar to the instant proceeding. In *Doyle* v. *Commissioner*, *supra*, an attorney, upon the liquidation of his firm, accepted a certain sum in exchange for his interest in fees to be received. It was held that the amount received was merely a commutation of the fee later to be received. It was for personal services performed and constituted taxable income. In the *Escher* case a similar ruling was made with respect to the sum received by an attorney under a contract providing for the payment of a proportion of the amount recovered by his client in lieu of a claim for past services and compensation for services to be rendered.

What the petitioner sold was an agency business. Since he had owned the agency for a period of more than two years at the date of sale, it was a capital asset.

The action of the respondent in including in petitioner's gross income for each of the years 1936 and 1937 the full amount received from the Ex-Cell-O Aircraft & Tool Corporation is reversed.

*Decision will be entered under Rule 50.*